UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. |
| v. | ) ) | Judge Alonso |
| SONYA PEGUES-GOODMAN | ) ) | |
| Defendant. | ) ) | |

# COMPLAINT

The United States of America, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, brings this action for single damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.* or, in the alternative, for repayment under theories of payment by mistake and unjust enrichment.

## Jurisdiction and Venue

1. This court has jurisdiction over this matter pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. § 1345.

2. Venue is proper in the Northern District of Illinois pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1395(a).

## Parties

3. The plaintiff is the United States of America on behalf of the United States Internal Revenue Service (IRS).

4. Defendant Sonya Pegues-Goodman (Pegues-Goodman) is a domiciliary of the State of Illinois and resides in Chicago, Illinois.

**Factual Background**

5. The defendant, Sonya Pegues-Goodman, was an employee of the Social Security Administration (SSA) during the calendar year 1999 and continuing through July 2017. During that same time period, she also had additional employment as an income tax preparer, first for a company and then through her own entity known as "Sonya's Tax Service."

6. Between 1999 and 2008, Pegues-Goodman failed to fully pay federal income taxes that she owed to the Internal Revenue Service. She owed income taxes from the years 1999, 2000, 2001, 2004, 2006, 2007, and 2008 and was repaying the Internal Revenue Service pursuant to an installment agreement.

7. Pegues-Goodman sought to decrease her monthly payment in or about October 2012 and executed a Collection Information Statement for Wage Earners and Self-Employed Individuals (IRS Form 433-A) to the IRS. She knowingly failed to disclose any sources of income from her tax preparer service.

8. Pegues-Goodman filed a voluntary Chapter 7 bankruptcy petition in or about July 2016, *In re Sonya Pegues*, No. 16 B 23740 in the United States Bankruptcy Court for the Northern District of Illinois.

9. In her Statement of Financial Affairs and at her §341 meeting of creditors, Pegues-Goodman falsely represented that she did not operate any businesses, that she did not receive income from those businesses, and underreported her monthly income.

10. On or about November 21, 2016, the United States Bankruptcy Court for the Northern District of Illinois entered an order in her Chapter 7 bankruptcy case discharging defendant's debts, including $104,870 due and owing to the Internal Revenue Service.

11. Pegues-Goodman also failed to report income for years 2011, 2012, 2013, 2014, and 2015. For these years, she knowingly prepared false federal income tax returns for herself and underreported the gross income she received from providing income tax preparation services to others. The additional tax liability for these years is $150,948.

12. In total, Pegues-Goodman's misrepresentations to the Internal Revenue Service and the United States Bankruptcy Court for the Northern District of Illinois caused a federal tax loss of at least $255,818.

12. The United States commenced the criminal case *United States v. Pegues-Goodman*, No. 21 CR 712.

13. In that case, Pegues-Goodman agreed to participate in the Sentencing Options That Achieve Results (SOAR) program.

14. Under that program, Pegues-Goodman agreed to the entry of a consent judgment for the agreed upon restitution amount of $312,798.15. *United States v. Pegues-Goodman*, 21 CR 712. Dkt. 43 ¶19. However, upon further review, it appears that that restitution figure should actually be only $255,818, based on the amount discharged in bankruptcy and the failure to report income for years 2011 – 2015.

## Count I
## Common Law Fraud

15. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 14 as if set forth fully herein.

16. Pegues-Goodman made numerous materially false statements to the Internal Revenue Service and to the Bankruptcy Court for the Northern District of Illinois concerning her income business entities.

17. Pegues-Goodman knew or should have known that those statements were false.

18. Pegues-Goodman made such materially false statements with the intent to defraud the Internal Revenue Service, knowing the Internal Revenue Service would rely on her materially false statements to determine her tax liability.

19. The Internal Revenue Service reasonably relied on Pegues-Goodman's material misrepresentations.

20. The United States was injured because of Pegues-Goodman's conduct in the amount of $255,818.

### Count II
### Unjust Enrichment

21. The United States repeats and realleges each allegation set forth above in paragraphs 1 through 14 as if set forth fully herein.

22. Because of Pegues-Goodman's conduct, she has been unjustly enriched by denying the United States Internal Revenue Service $312,798.15 of federal taxes it should have collected, monies that in good conscience she should not be allowed to retain.

23. Pegues-Goodman has been unjustly enriched to the detriment of the United States in the amount of $255,818.

**Claim For Relief**

WHEREFORE, the United States demands judgment against the defendant Sonya Pegues-Goodman for single damages of $255,818, with no post-judgment interest to accrue, and any such further relief as the court deems appropriate.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney


By: *Scott D. Heffron*
SCOTT D. HEFFRON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-4190
scott.heffron@usdoj.gov